```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

JAMES J. HUDNALL, SR.,            :
AIS # 155690,
                                  :
    Plaintiff,
                                  :
vs.                                    CIVIL ACTION 09-0034-CG-B
                                  :
DR. DONNA EARNSHAW, *et al.*,
                                  :
    Defendants.
                                  :

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.[1] After review of Plaintiff's action, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

---

[1]In light of the findings herein, Plaintiff's Motions to Proceed Without Prepayment of Fees (Docs. 6 & 9) are **DENIED.**

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff had more than three actions or appeals that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *See* Hudnall v. Johnson*, et al.*, CA 96-0220-BH-M (S.D. Ala. Aug. 5, 1996); Hudnall v. Williams*, et al.*, CA 00-1680 (N.D. Ala. Aug. 6, 2002), *appeal dismissed as frivolous* (11th Cir. Jan. 31, 2003); and Hudnall v. Dempsey*,* CA 96-1714 (M.D. Ala. Jan. 29, 1997). In addition to these three actions and the present action, Plaintiff has filed *twenty-nine* actions in the federal district courts of Alabama.

In order to avoid 28 U.S.C. § 1915(g)'s application, it is incumbent on Plaintiff to show that at the time of his action's filing, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."

Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

In Plaintiff's original Complaint (Doc. 1), he named as Defendants, Donna Earnshaw, M.D., a psychiatrist; Richard Allen, Commissioner of the Alabama Department of Corrections; and Blain Crum, Ph.D., a psychologist. (Id. at 5-6). These individuals are listed in Section III of the Complaint form. (Id.). This form expressly advises that it is only those individuals listed in Section III of the form who will be considered by the Court as Defendants. (Doc. 1 at 1, D). Notwithstanding, Plaintiff listed two other individuals in the style of the action, but not in Section III, Warden Grantt Culliver and Richard Holbrook. (Id. at 1). Subsequent to filing his original Complaint, Plaintiff voluntarily dismissed Richard Holbrook. (Doc. 6). Shortly thereafter, Plaintiff filed an Amended Complaint (Doc. 7) which does not identify any Defendants, but merely adds factual allegations.

In the Complaint as Amended (Docs. 1 & 7), Plaintiff alleges that for the past year, Defendants Earnshaw and Crum have refused to treat him for mental illness and a nervous breakdown. (Doc. 1 at 5). Plaintiff asserts that the reason Defendant Earnshaw has refused to treat him for depression and has refused to transfer him to William E. Donaldson Correctional Facility's ("Donaldson") Mental Health Unit is because he was found hoarding 100 m.g. tablets of Elavil in 2006. (Doc. 7 at 4). Plaintiff maintains

3

that the dosage that he was given was too strong and that he only needed half of a dose.  (*Id.*).  According to Plaintiff, after this discovery, Defendant Earnshaw vowed that she would not prescribe any depression medication for Plaintiff, and she has refused him mental health care.  (*Id.* at 4-5).  Plaintiff seeks damages and an order requiring that he be transferred to Donaldson's Mental Health Unit.  (*Id.* at 5; Doc. 1 at 7).

In addition to the foregoing mental heath claims lodged against mental health professionals, Plaintiff asserts that Defendant Allen is liable for "denials of mental health treatment and forcing [him] to remain in a cell without heat."  (*Id.* at 6).  Plaintiff requests  "an immediate F.B.I. investigation as to why [he is] forced to remain in a cell without heat."  (*Id.* at 7).  Plaintiff does not assert any allegations regarding Warden Culliver.

At the time initiated the instant action on January 20, 2009 (Doc. 1), he already had another action pending on this Court's docket.  Like the instant action, the another action involved allegations related to the denial of mental health treatment and medication for Plaintiff's alleged depression based on the hoarding incident and the denial of his request for a transfer to Donaldson, <u>Hudnall v. Culliver</u>, *et al.,* CA 08-0605-KD-M.[2]  The other action

---

[2] In <u>Hudnall v. Culliver</u>, *et al.,* CA 08-0605-KD-M, a Report and Recommendation was entered on March 19, 2009, recommending its dismissal based on the "three-strikes" provision of 28 U.S.C.

was filed on October 15, 2008, and involved virtually identical Defendants[3].  On March 19, 2009, a Report and Recommendation was entered, which recommended the dismissal of that action based on the "three-strikes" provision of 28 U.S.C. § 1915(g) because Plaintiff did not satisfy the statute's exception and did not pay the $350.00 filing fee at the time the action was filed. (Doc. 9). On April 1, 2009, the Report and Recommendation was adopted as the opinion of the Court, a judgment was entered and the action was dismissed. (Doc. 12).

In the present action, Plaintiff does not allege an injury, much less one that was occurring or was imminent.  Plaintiff merely alleges that the mental health denials have been occurring for the past year or since the hoarding incident occurred in 2006. Considering that the alleged lack of mental health treatment and medication existed for a year, whatever danger that existed at the Complaint's filing does not appear to be imminent.

Moreover, Plaintiff's allegations do not identify any danger to Plaintiff if he does not receive mental health treatment and

---

§ 1915(g) because Plaintiff did not satisfy the statute's exception and did not pay the $350.00 filing fee at the time the action was filed.  (Doc. 9). .

[3]In the Hudnall v. Culliver, et al., Ms. Dodd, a "psychologist associate," was named as a Defendant in that action (Doc. 6); whereas, she is not named as a Defendant in the present action.  Additionally, Richard Holbrook was originally named as a Defendant in the present action, and was subsequently voluntarily dismissed (Docs. 1,6).

medication.  Nor does Plaintiff inform the Court who diagnosed his condition and when it was diagnosed.  In the absence of specific facts about his condition, the need for treatment and medication, and the "serious physical injury" that he will sustain, Plaintiff has failed to meet his burden of showing that he was in imminent danger of serious physical injury in regard to his mental health claims at the time he filed this action.  Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) ("The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." (quotation omitted)) (Granade, J.)(unpublished).

Turning to Plaintiff's claim regarding the lack of heat in his cell, Plaintiff has not alleged an injury connected to this condition.  Furthermore, there are no facts upon which an injury could be inferred.  Plaintiff has simply made a conclusory assertion that his cell has no heat and directed it to Defendant Allen.  In addition, he also makes a conclusory assertion that Defendant Allen has denied him mental health treatment.  Similarly, no injury is connected to this allegation against Defendant Allen.

Considering Plaintiff's Complaint as Amended in its entirety, Plaintiff cannot avail himself of § 1915(g)'s exception.  Because Plaintiff is not entitled to § 1915(g)'s exception, and on account

6

of his failure to pay the $350.00 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002). Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **1st** day of **April, 2009**.

                                   **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate

8

judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.